Opinion of the court, by
Judge Hitchcock:
The bond, which is the foundation of this action, was given pursuant to the requisitions of the “act for the relief of insolvent debtors,” passed February 23, 1824. Section 8 of that act relates-to those who are arrested, or are in custody, upon mesne or final process. Of such persons a bond is required, the condition of which is specific in the law, and the bond now in suit was intended to be in compliance with this requisition. The condition does not literally conform to the statute, inasmuch as the statute requires it to be that the insolvent shall appear at the term of the court at which the application for the benefit of the act may be made, whereas the condition annexed to this bond provides for the appearance of the defendant, Way, at a specific term of the court of common pleas, viz: “the next May term, and that he shall not depart the court without leave.” This variance, however, is not so great as to invalidate the bond. It *is not material. The “next May term of the court was the term at which the application for the benefit of the insolvent act should regularly have been made. In fact, I incline to the opinion that the specific term of the court, at which the insolvent is to appear, should in such cases be named. Without determining this point, however, it is sufficient, for the purposes of the present’case, to say that by the execution of this bond the insolvent substantially complied, so far, with the law.
Whenever the legislature undertake to act upon a particular subject, and, in the’course of legislation, deem it necessary to require the execution of a bond specifying the condition to be annexed te such bond, it is impossible correctly to settle the rights of parties, originating in or growing out of such bond, unless we look to the whole law and ascertain specifically the intention of the law-making power. In fact, the bond becomes a part of the law and must be construed in connection with it. The object of the legislature, in requiring a bond from the insolvent debtor, was to secure the party at whose suit the insolvent should be arrested, against any *98 fraud which might be practiced by a defendant in attempting to release himself from arrest under the pretense of taking the benefit of this act. If the insolvent acts with good faith, and neither obtains a certificate of discharge or surrenders himself a prisoner to the proper officers, the bond, to use the words of the statute, “is canceled.” In other words, the insolvent, by obtaining a certificate of discharge or by surrendering himself to the proper officer, substantially complies with the condition of his bond, and discharges himself and his sureties from liability.
Way, the defendant, did not appear at the May term of the court of common pleas, as he was bound to do by the letter of the condition of his bond. If the bond stood alone, and was to be considered without reference to the statute under which it was executed, here was a breach of the condition; the bond itself becomes absolute, and the liability of the defendant is fixed. Under the impression that this is the legal effect of the non-appearance of Way, at that term of the court, this sxiit was commenced.
The defendants, however, undertake to excuse themselves, and after demurring to the declaration, have filed several *ploas in bar. The fourth of those pleas is the one to which the attention of the court has been principally turned. To this plea there is a general demurrer, and the question is as to its sufficiency. This plea alleges, in the first place, that the commissioner of insolvents did not, previous to the May term, 1826, at which the ■defendant, Way, was bound to appear, give the necessary notice required bylaw of his intention to apply for the benefit of the insolvent act. It is to be observed that the notice not having been .given, the application could not be made, of course the appearance would have been nugatory. If, under these circumstances, Way .and his securities are made liable, it is not so much on account of .any neglect of his as on account of the neglect of a public officer. It is the duty of the commissioner of insolvents to give notice of the intention to make application for the benefit of the act. I am aware that an attempt has been made, in argument, to show that this is the duty of the insolvent, but the court think otherwise. Section 4 of the act provides that this shall be done by the commissioner, and there is no other provision of the law expressly interfering with this. To subject third persons to a penalty in consequence of the neglect of a public officer, is not *99 consistent with justice; still we no not undertake to say, that had the plea been stopped here it would have been sufficient.
The plea, however, alleges, that subsequent to this, to wit: after the May term, and before the September term, 1826, notice was given that the defendant, Way, would make his application at the September term, and that Way did appear at that term and obtained a certificate of discharge, etc. From this it appears that the defendant, Way, so soon as he could, consistently with the law, make application for the benefit of the insolvent act, did appear and obtain a certificate of discharge. Why, then, should he or his securities be made liable on this bond? Neither he nor they have been guilty of any neglect. Everything, the security of which the law by requiring the bond intended to provide for, has been performed. The insolvent, for aught that appears, has acted with perfect good faith, the certificate has been obtained, and the bond itself is “ canceled,” or satisfied.
The plea, therefore, is sufficient, and judgment must be rendered accordingly.